**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| PATRICK FORKWA et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 8:11-cv-03513-AW |
| SYMBRAL FOUNDATION FOR COMMUNITY SERVICES, INC., | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiffs' Motion to Facilitate Identification and Notification of Similarly Situated Employees (Motion to Facilitate). The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **DENIES** Plaintiffs' Motion to Facilitate.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Defendant Symbral Foundation for Community Services, Inc. (Symbral) is a Maryland corporation whose principal place of business is Silver Spring, Maryland. Defendant operates a long-term group home for individuals with intellectual and developmental disabilities. Plaintiffs Patrick Forkwa, Sanjou K. Quanten, and Ibong Usorosh are former employees of Symbral. Plaintiffs brought this action under the FLSA, the Maryland Wage Payment and Collection Law, and the Maryland Wage and Hour Law.

Plaintiffs allege that Symbral failed to compensate them for the overtime they worked.

Plaintiffs further allege that Symbral failed to pay them for time that they worked during their

breaks. Plaintiffs add that Symbral has not fully compensated them for unused vacation time.

Plaintiffs filed their Motion to Facilitate on March 20, 2012. Doc. No. 11. Plaintiffs filed

a Second Amended Complaint two days later. Doc. No. 13.

Two of the three Plaintiffs attached affidavits to their Motion to Facilitate by way of

support. Other than the dates of employment of each Plaintiff, the affidavits are identical. They

read in their entirety:

1.      I am over the age of eighteen (18) and I am competent to testify in this matter from first
hand knowledge.

2.      I was employed by Defendant as a full time employee from . . .  until . . . . Throughout
the entire course of my employment, I was employed by Defendant as a relief counselor, and my
primary job duty was to care for intellectually handicapped patients who lived at Defendant's
group homes.

3.      I was one of many (more than 40) relief counselors who have been employed by
Defendant over the last three (3) years.

4.      I have personal knowledge that myself and numerous other similarly situated relief
counselors employed by Defendant (not yet parties to this lawsuit) were not paid at an hourly
rate at least equal to the Federal Minimum Wage, as prescribed by the FLSA.

5.      I have personal knowledge that myself and numerous other similarly situated relief
counselors employed by Defendant (not yet parties to this lawsuit) were not paid at a rate of not
less than one and one-half times their regular rate for hours worked exceeding forty in one
workweek, as prescribed by the FLSA.

6.      I have personal knowledge that other current and former relief counselor employees of
Defendant have not yet joined this lawsuit because they either have not received notice of this
suit or because these individuals are afraid that if they join this lawsuit they may be subject to
retaliation by Defendant and/or may be terminated from their employment by Defendant.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of this Affidavit are true
and correct.

Doc. No. 11-3.

Symbral responded to Plaintiffs' Motion to Facilitate on April 6, 2012. Doc. No. 15. Symbral argues that Plaintiffs have failed to satisfy the standard for conditional class certification under the FLSA because their affidavits are vague and conclusory. Plaintiffs failed to file a reply brief.

## II.    LEGAL ANALYSIS

"Under the FLSA, plaintiffs may maintain a collective action against their employer for violations under the act pursuant to 29 U.S.C. § 216(b)." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). In relevant part, § 216 provides as follows:

> An action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "This provision establishes an 'opt-in' scheme, whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Id.* (citing *Camper v. Home Quality Mgmt., Inc.*, 200 F.R.D. 516, 519 (D. Md. 2000)). District courts "have discretion in appropriate cases" to facilitate notice to potential plaintiffs in order to enforce the FLSA's collective action provision. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).

The touchstone in determining whether it is appropriate for courts to exercise this discretion "is whether Plaintiffs have demonstrated that potential class members are 'similarly situated.'" *Quinteros*, 532 F. Supp. 2d at 771 (quoting 29 U.S.C. § 216(b)). "A group of potential plaintiffs are 'similarly situated' when they together were victims of a common policy or scheme or plan that violated the law." *Marroquin v. Canales*, 236 F.R.D. 257, 260 (D. Md. 2006) (citing

*Jackson v. N.Y. Tel. Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995)). "[T]he inquiry at this stage is less stringent than the ultimate determination whether the class is properly constituted . . . ." *Id.* at 259 (citing *Jackson*, 163 F.R.D. at 431). Therefore, to satisfy this standard, plaintiffs must make only a "relatively modest factual showing." *See id.* (citing *D'Anna v. M/A-COM, Inc.*, 903 F. Supp. 889, 894 (D. Md. 1995)). "This would include factual evidence by affidavits or other means . . . ." *Quinteros*, 532 F. Supp. 2d at 772 (citing *Camper*, 200 F.R.D. at 519).

In this case, Plaintiffs have failed to adduce evidence sufficient to support the conclusion that Symbral implemented a common policy or scheme that violated the rights of a group of potential plaintiffs under the FLSA. Plaintiffs' allegations are legal conclusions couched as factual allegations. Plaintiffs simply state that they have personal knowledge that (1) Symbral did not pay other employees at an hourly rate at least equal to the federal minimum wage; (2) that Symbral did not pay other employees overtime; and (3) that other current or former employees have yet to join the lawsuit because they have not received notice or because they fear retaliation. However, Plaintiffs do not state the factual basis for the essential legal conclusion that Symbral failed to pay its employees a minimum wage and overtime. Nor have Plaintiffs provided a factual basis for their conclusory assertion that the potential plaintiffs are similarly situated other than the fact that they worked the same position and that Symbral allegedly failed to properly compensate them. Therefore, although plaintiffs must make only a modest factual showing to justify conditional class certification under the FLSA, Plaintiffs have failed to present evidence sufficient to support the conclusion that Symbral has implemented a common policy or scheme depriving its employees of their rights under the FLSA. Accordingly, the Court denies Plaintiffs' Motion for Facilitation.

III.    **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Facilitation. A

separate Order follows.

| December 26, 2012 | /s/ |
| --- | --- |
| Date | Alexander Williams, Jr. |
| | United States District Judge |